**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Kenneth McDonald, | No. CV-23-01275-PHX-DWL (DMF) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's motion for leave to file a First Amended Complaint ("FAC") (Doc. 18), Judge Fine's report and recommendation ("R&R") concluding that Plaintiff's motion should be granted in part and denied in part (Doc. 49), and various sets of objections to the R&R (Docs. 51, 53, 54). For the following reasons, the Court overrules the objections, adopts the R&R, and grants in part and denies in part the motion for leave to amend. Also, because this ruling results in the filing of the FAC, the pending motions to dismiss the complaint (Docs. 33, 35, 36) are denied as moot,[1] without prejudice to the movants readvancing the same dismissal arguments in response to the FAC.

…

…

---

[1] *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent. . . . Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot . . . .").

**RELEVANT BACKGROUND**

On July 11, 2023, Plaintiff (who is proceeding *pro se*) initiated this action by filing a sprawling 15-count complaint that named 16 defendants.  (Doc. 1.)

On November 21, 2023, upon screening, the Court dismissed certain claims and defendants but ordered other defendants to answer.  (Doc. 12.)  The Court also clarified that "[i]f Plaintiff attempts to amend to address the shortcomings identified in this Order, the amended complaint must be retyped or rewritten in its entirety (including those claims and Defendants that were not dismissed), and Plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure." (*Id.* at 22.)

On December 8, 2023, Plaintiff attempted to file a FAC (Doc. 14), but that pleading was stricken "for failure to comply with the Court's Order and failure to comply with LRCiv 15.1." (Doc. 15.)

On December 15, 2023, Plaintiff again attempted to file a FAC, this time claiming he was entitled to do so as a matter of course (Doc. 16), but that pleading was stricken because "the time for Plaintiff's amendment as a matter of course pursuant to [Rule] 15(a)(1)(B) . . . expired months ago." (Doc. 17.)

On December 21, 2023, Plaintiff filed the pending motion for leave to file a FAC, explaining that "[t]he amendments include removal of Chief Michael Sullivan as a Defendant, addition of Defendants for Maricopa County Attorney's Office, clarifications of claims, and the liabilities of individual Defendants for those claims."  (Doc. 18.)  Plaintiff also filed, as an attachment to his motion, a document indicating via redlines how his proposed FAC would differ from his original complaint.  (Doc. 18-1.)   Several defendants, in turn, filed an opposition to Plaintiff's motion to amend (Doc. 28), which another defendant joined (Doc. 31), and Plaintiff filed a reply (Doc. 30).

On January 31, 2024, Judge Fine issued an R&R concluding that the motion to amend should be granted in part and denied in part.  (Doc. 49.)  Afterward, Plaintiff and the defendants who had opposed the motion filed objections.  (Docs. 51, 53, 54.)

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a dispositive matter.  *Id.*  The Court made such a referral here.  (Doc. 12 at 24.)   The R&R explains why Plaintiff's motion for leave to amend is properly characterized as a dispositive matter.  (Doc. 49 at 4-5.)

"Within fourteen days after being served with a copy [of the R&R], any party may serve and file written objections . . . as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the [R&R] or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).  *See also* Fed. R. Civ. P. 72(b)(2)-(3).

"In providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations. . . .  [D]istrict courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections."  *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (citations and internal quotation marks omitted).  *See also id.* at 434 ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection.").

Additionally, district courts are not required to review any portion of an R&R to which no specific objection has been made.  *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").  Thus, district judges

need not review an objection to an R&R that is general and non-specific.  *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted).

## DISCUSSION

I.    The R&R

The rulings in the R&R can be summarized as follows.  First, the R&R concludes that although Plaintiff did not fully comply with LRCiv 15.1, his motion should not be denied on that basis, as "Plaintiff's partial non-conformance with LRCiv 15.1 is outweighed by Fed. R. Civ. P. 15(a)(2)'s requirement that leave to amend shall be freely given when justice so requires."  (Doc. 49 at 9-10.)

Next, the R&R concludes that Plaintiff's request for leave to reassert a claim for injunctive relief should be rejected on futility grounds for the same reasons that claim was dismissed from the original complaint.  (*Id*. at 10.)

Next, the R&R concludes that Plaintiff's request for leave to reassert claims for punitive damages should be rejected on futility grounds for the same reasons those claims were dismissed from the original complaint.  (*Id.* at 11.)

Next, the R&R concludes that Plaintiff's request for leave to add claims against four attorneys from the Maricopa County Attorney's Office ("MCAO") should be rejected on futility grounds because such claims are barred by the doctrine of absolute prosecutorial immunity.  (*Id.* at 11-12.)

Next, the R&R concludes that Plaintiff's request for leave to reassert "state law claims of civil conspiracy (Count Six), aiding and abetting (Count Seven), intentional infliction of emotional distress (Count Nine), and gross negligence (Count Ten) against Defendant City of Phoenix based on the alleged conduct of multiple individual defendants fail to state a claim and are futile."  (*Id.* at 12.)

Next, with respect to Count One of the proposed FAC, the R&R concludes that this count "adds no substantive allegations that Defendants Turiano, Gomez, or Merena were

involved in any claimed malicious prosecution or libel/slander.  Therefore, the addition of these Defendants in this claim for malicious prosecution and libel/slander are both futile.  Further, the additional characterization of Defendant Sleeper having published a false charge recommendation and probable cause statement is insufficient to state a claim against Defendant Sleeper for libel because state law provides Defendant Sleeper immunity in the alleged circumstances.  Nevertheless, the Opposing Defendants are not correct about the lack of substantive allegations against Defendants Turiano, Gomez, and Merena in the false arrest portion of this claim. Applying the Screening and Service Order's ruling regarding the state law false arrest claim, Plaintiff should be granted leave to amend his Count One (previously Count Three) false arrest state law claim as set forth in the proposed First Amended Complaint, including insofar as adding Defendants Turiano, Gomez, and Merena." (*Id.* at 13.)

Next, with respect to Count Two of the proposed FAC, the R&R concludes that Plaintiff's attempt "to add Defendants Turiano, Merena, Gomez, Alvarado, Blalock and Swartz to this claim on the basis that they 'participated in the violation' of his First Amendment rights by assisting in his arrest, physical force to obtain his fingerprints, or reviewing evidence of the incident . . . is futile." (*Id.* at 13-14.)

Next, with respect to Count Three of the proposed FAC, the R&R concludes that Plaintiff's attempt "to add the City, Swartz, and Blalock as defendants to this claim . . . is futile." (*Id.* at 14-15.)

Next, with respect to Count Four of the proposed FAC, the R&R concludes that Plaintiff's attempt "to add Defendants Turiano, Merena, Gomez, Blalock, Swartz, and Alvarado to this claim . . . is futile." (*Id.* at 15.)

Next, with respect to Count Five of the proposed FAC, the R&R concludes that Plaintiff's attempt "to assert this claim against several additional defendants: Colbert, Winfield, Herricht, Seitter Ii, Frudenthal, Warren, Swartz, Blalock, and the City . . . would be futile." (*Id.* at 15-16.)

Next, the R&R concludes that "Plaintiff should be granted leave to amend his Count

Six (previously Count Ten), Count Seven (previously Count Eleven), Count Nine (previously Count Twelve), and Count Ten (previously Count Thirteen) as set forth in the proposed [FAC] against the additional individual defendants (other than the [MCAO] Prosecutor Defendants Phelps, Hepner, Lynas, and Mitchell)." (*Id.* at 16-17.)

Next, the R&R concludes that, "[c]onstruing the *pro se* proposed [FAC] liberally, including considering the other allegations in the proposed [FAC] regarding Defendant Sleeper, Plaintiff should be granted leave to amend to add" his proposed new claim in Count Eight, which is a claim for malicious prosecution against Sleeper. (*Id.* at 17-18.)

Finally, the R&R concludes that "[t]he proposed [FAC] fails to state a claim in Count Eleven (previously Count Fourteen) because publicity is not alleged, and because Defendant Sleeper has immunity from such a claim in the alleged circumstances. Given the immunity, the claim against Defendant Sleeper in Count Twelve (previously Count Fifteen) is also futile." (*Id.* at 18, citations omitted.)

II.     The Objections

Plaintiff objects only to the portion of the R&R concluding that leave to amend should be denied as to his proposed new claims against the MCAO prosecutors. (Doc. 51.) Having considered the issue *de novo*, the Court agrees with the R&R's analysis. *Ramos*, 65 F.4th at 433-34. Accordingly, Plaintiff's objection is overruled.

In the next set of objections, certain individual defendants object to "allowing Plaintiff to assert additional state law claims against Defendants Alvarado, Blalock, Swartz, Merena, and Gomez" and to "add[ing] Defendants Winfield, Colbert, Seitter II, Freudenthal, Herricht, and Warren back as defendants" on the ground that Plaintiff did not comply with Arizona's notice-of-claim statute with respect to any of the proposed new state-law claims (and, thus, those claims will inevitably be dismissed and are futile). (Doc. 53 at 4.) This argument is unavailing. Although the objecting defendants very well may be correct as to the notice-of-claim issue, the most efficient procedural approach here is to allow Plaintiff to file the FAC and then evaluate the merits of the notice-of-claim issue via ensuing motions to dismiss. *Williams v. Keybank Nat'l Ass'n*, 2016 WL 7107765, *3 (D.

Or. 2016) ("[T]he Court finds that it would be preferable to consider the futility arguments in the context of a motion to dismiss . . . whereby the parties could fully brief the [issue] under the appropriate briefing schedule, through a procedural mechanism that would allow optimal focus on those arguments (instead of their being first raised only in opposition briefing)."). Indeed, some objecting parties have already moved to dismiss the state-law claims in the original complaint due to Plaintiff's alleged noncompliance with the notice-of-claim statute, and those arguments will need to be reasserted now that the FAC has superseded the original complaint. *Ramirez*, 806 F.3d at 1008. The Court finds it most efficient to resolve all such objections at the same time via any motions to dismiss filed after the FAC is finalized.

In the final set of objections, Sleeper (like the other objecting defendants) contends that the proposed new state-law claims against him should be rejected, on futility grounds, due to Plaintiff's alleged noncompliance with the notice-of-claim statute. (Doc. 54 at 3.) But as explained in the preceding paragraph, the Court finds it most efficient to resolve such objections after the FAC is finalized. Sleeper also objects to the R&R's futility analysis concerning Plaintiff's proposed new malicious prosecution claim. (*Id.* at 4-5.) Having considered the issue *de novo*, the Court agrees with the R&R's analysis. *Ramos*, 65 F.4th at 433-34. Accordingly, Sleeper's objection is overruled.

Accordingly,

**IT IS ORDERED** that:

1.      The R&R (Doc. 49) is **adopted**.

2.      Plaintiff's motion to amend (Doc. 18) is **granted in part and denied in part**.

3.      Due to Plaintiff's repeated difficulties in complying with LRCiv 15.1 despite "his best effort" to do so (Doc. 30 at 2), the Court will not require him to file a final version of the FAC. Instead, **the Clerk is directed to file the document at Doc. 18-1 as a freestanding document that will serve as the FAC**, with the clarification that not all of the redlines in that document are valid. Instead, the only valid changes are those identified on page 19 of the R&R concerning Counts One, Six, Seven, Eight, Nine, and Ten.

4.      The motions to dismiss the complaint (Docs. 33, 35, 36) are **denied as moot**.

5.      The Clerk of Court must send Plaintiff a service packet including the FAC (Doc. 18-1), this Order, and both summons and request for waiver forms for newly-added Defendants Winfield, Colbert, Seitter II, Freudenthal, Herricht, and Warren.

6.      Plaintiff must complete and return the service packets for the newly-added Defendants to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

7.      If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and FAC on a newly-added Defendant within 90 days of the filing of the FAC or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

8.      The United States Marshal must retain the Summons, a copy of the FAC, and a copy of this Order for future use.

9.      The United States Marshal must notify Defendants Winfield, Colbert, Seitter II, Freudenthal, Herricht, and Warren of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure and Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure, as appropriate.  The notice to Defendants Winfield, Colbert, Seitter II, Freudenthal, Herricht, and Warren must include a copy of this Order.

10.     A Defendant who agrees to waive service of the Summons and FAC must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

11.     The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal,

the Marshal must:

(a)   personally serve copies of the Summons, FAC, and this Order upon Defendant pursuant to Rule 4(e)(2) and/or Rule 4(j)(2) of the Federal Rules of Civil Procedure, as appropriate; and

(b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, FAC, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

12.   Defendants must answer the FAC or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

13.   Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

Dated this 11th day of March, 2024.

_____
Dominic W. Lanza
United States District Judge