**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth McDonald, | No. CV-23-01275-PHX-KML (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Plaintiff Kenneth McDonald and defendant Turiano filed separate motions for reconsideration. (Doc. 102, 105.) McDonald also filed a motion for recusal. (Doc. 106.) All three motions are denied.

**I.      Motions for Reconsideration**

A motion for reconsideration should not ask the court "to rethink what the court had already thought through—rightly or wrongly." *Harrington v. Cracker Barrel Old Country Store Inc.*, 713 F. Supp. 3d 568, 576 (D. Ariz. 2024) (quotation marks and citation omitted).

McDonald seeks reconsideration of the order docketed on November 3, 2024. (Doc. 102.) The motion argues it was inappropriate to dismiss his state-law claims based on McDonald's failure to complete personal service of the notices of claim. The motion also argues the court should not have denied the request to file a supplemental pleading.

The court analyzed the notice of claim requirement and concluded it barred McDonald's claims against certain individual defendants. The Arizona legislature and Arizona courts have concluded personal service is "mandatory" and "essential." *Harris v.*

*Cochise Health Sys.*, 160 P.3d 223, 230 (Ariz. Ct. App. 2007). Thus, the court did not have, and still does not have, any ability to forgive McDonald's failure to serve notices of claim.

Regarding the supplemental pleading, the court ruled it was unnecessary. McDonald has not offered any basis to revisit that conclusion. The report from the Department of Justice may or may not be relevant and admissible in this case, but regardless of its admissibility, there is no need for McDonald to file a supplemental pleading outlining its contents.

Turiano's motion for reconsideration argues the November 3, 2024, order should have dismissed the state-law claims against him because those claims were dismissed against the other defendants and Turiano joined their motions to dismiss. (Doc. 41.) The joinder Turiano identifies was to motions to dismiss denied on March 12, 2024. (Doc. 61). Turiano has not identified any joinder to the motions to dismiss addressed in the November 3, 2024, order. In fact, Turiano filed an answer to the latest complaint instead of seeking dismissal. (Doc. 71.) Turiano's motion for reconsideration is denied.

**II.  Motion for Recusal**

McDonald's motion for recusal does not identify any basis meriting recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (noting "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

Accordingly,

**IT IS ORDERED** the Motions for Reconsideration (Doc. 102, 105) and Motion for Recusal (Doc. 106) are **DENIED**.

Dated this 26th day of November, 2024.

*[signature]*

Honorable Krissa M. Lanham
United States District Judge